UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KAHALA FRANCHISE CORPORATION, | ) | Case No. 07cv0770-BEN (BLM) |
| | ) | |
| Plaintiff, | ) | **ORDER (1) DENYING JOINT MOTION** |
| | ) | **TO CONTINUE, (2) VACATING** |
| v. | ) | **EARLY NEUTRAL EVALUATION** |
| | ) | **CONFERENCE, AND (3) SETTING** |
| B & P CORPORATION, et al., | ) | **SETTLEMENT CONFERENCE** |
| | ) | |
| Defendants. | ) | **[Doc. No. 19]** |
| | ) | |

On June 19, 2007, the parties filed a joint motion to continue the Early Neutral Evaluation Conference currently scheduled for July 13, 2007, on the grounds that Plaintiff's lead counsel is unavailable on that date. Doc. No. 19. In light of the pending motion to dismiss or, alternatively, stay the litigation pending arbitration, the Court finds it inappropriate to convene an Early Neutral Evaluation Conference at this time. See CivLR 16.1(c) (explaining that the "judicial officer shall hold [conferences] as he or she deems appropriate"). Accordingly, the joint motion is **DENIED** and the Early Neutral Evaluation Conference currently set for July 13, 2007 at 9:30 a.m. is hereby **VACATED**.

///

///

However, the Court finds it appropriate to schedule a follow up Settlement Conference. The Settlement Conference shall be conducted on **August 15, 2007** at **1:30 p.m.** in the chambers of Magistrate Judge Barbara L. Major located at **940 Front Street, Suite 5140, San Diego, CA 92101**. All discussions at the Settlement Conference will be informal, off the record, privileged, and confidential. Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

a. **Personal Appearance of Parties Required**: All parties, adjusters for insured defendants, and other representatives of a party having full and complete authority to enter into a binding settlement, as well as the principal attorneys responsible for the litigation, must be present **in person** and legally and factually prepared to discuss settlement of the case. <u>Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.</u>

Unless there are extraordinary circumstances, persons required to attend the conference pursuant to this Order shall not be excused from personal attendance. **Requests for excuse from attendance for extraordinary circumstances shall be made <u>in writing</u> at least seventy-two (72) hours prior to the conference.** Failure to appear **in person** at the Settlement Conference will be grounds for sanctions.

b. **Full Settlement Authority Required**: In addition to counsel who will try the case, a party or party representative with <u>full</u>

///
///
///

settlement authority[1] must be present for the conference.  In the case of a corporate entity, an authorized representative of the corporation who is not retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.  <u>Counsel for a government entity may be excused from this requirement so long as the government attorney who attends the Settlement Conference (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority.</u>

    c.  **Confidential Settlement Statements Required**:  No later than **August 8, 2007**, the parties shall submit directly to Magistrate Judge Major's chambers confidential settlement statements no more than five (5) pages in length.  **These confidential statements shall not be filed or served on opposing counsel.**  Each party's confidential statement must include the following:

---

[1] "Full settlement authority" means that the individuals at the settlement conference must be authorized to explore settlement options fully and to agree at that time to any settlement terms acceptable to the parties.  <u>Heileman Brewing Co. v. Joseph Oat Corp.</u>, 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  <u>Pitman v. Brinker Int'l, Inc.</u>, 216 F.R.D. 481, 485-86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference.  <u>Id.</u> at 486.  A limited or a sum certain of authority is not adequate.  <u>See</u> <u>Nick v. Morgan's Foods, Inc.</u>, 270 F.3d 590, 595-97 (8th Cir. 2001).

(i) A brief description of the case, the claims and/or counterclaims asserted, and the applicable defenses or position regarding the asserted claims;

(ii) A specific and current demand or offer for settlement addressing all relief or remedies sought.  If a specific demand or offer for settlement cannot be made at the time the brief is submitted, then the reasons therefore must be stated along with a statement as to when the party will be in a position to state a demand or make an offer; and

(iii)  A brief description of any previous settlement negotiations, mediation sessions, or mediation efforts.

General statements that a party will "negotiate in good faith" is not a specific demand or offer contemplated by this Order.  It is assumed that all parties will negotiate in good faith.

d. **Requests to Continue a Settlement Conference**: Any request to continue the Settlement Conference or request for relief from any of the provisions or requirements of this Order must be sought by a **written *ex parte* application**.  The application must (1) be supported by a declaration of counsel setting forth the reasons and justifications for the relief requested, (2) confirm compliance with Civil Local Rule 26.1, and (3) report the position of opposing counsel or any unrepresented parties subject to the Order.  **Absent extraordinary circumstances, requests for continuances will not be considered unless submitted in writing no less than seven (7) days prior to the scheduled conference.**

**If the case is settled in its entirety before the scheduled date of the conference, counsel and any unrepresented parties must still appear in person, unless a written joint motion confirming the complete settlement of the case is submitted no less than twenty-four (24) hours before the scheduled conference.**

Failure of required counsel or parties to comply with this Order may result in the imposition of sanctions.

**IT IS SO ORDERED.**

DATED: June 22, 2007

*[signature: Barbara L. Major]*

BARBARA L. MAJOR
United States Magistrate Judge